Stuart M. Price (SBN 150439)
Stuart@pricelawgroup.com
**PRICE LAW GROUP, APC**
15760 Ventura Blvd., Suite 800
Encino, CA 91436
T: (818) 907-2030
F: (818) 205-2730
Attorneys for Plaintiff,
WINSTON WILLIAMS

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA
## FRESNO DIVISION

| | |
|---|---|
| WINSTON W. WILLIAMS,<br><br>       Plaintiff,<br><br>vs.<br><br>EQUIFAX INFORMATION SERVICES, LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; WELLS FARGO BANK, N.A., and DOES 1 to 10, inclusive,<br><br>       Defendants. | Case No.:<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br><br>**1. THE FAIR CREDIT REPORT ACT, 15 U.S.C. 1681** *et seq.***; and**<br><br>**2. CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT, CAL. CIV. CODE § 1785.25(a)**<br><br>**AND DEMAND FOR JURY TRIAL**<br><br>[Unlimited Civil Jurisdiction] |

///
///

COMPLAINT AND DEMAND FOR JURY TRIAL

-1-

1
2

# COMPLAINT
# INTRODUCTION

3
4
5
6
7
8
9

1.  Plaintiff WINSTON WILLIAMS ("Plaintiff"), by and through his attorneys, brings this action to secure redress from unlawful credit practices engaged in by Defendants Wells Fargo Bank, N.A., Equifax Information Services, LLC, and Experian Information Solutions, Inc. Specifically, Plaintiff alleges violations of the Fair Credit Report Act, 15 U.S.C. § 1681 *et seq.* ("FCRA") and the California Consumer Credit Reporting Agencies Act, CAL. CIV. CODE § 1785 *et seq.* ("CCCRA").

10

# VENUE AND JURISDICTION

11
12
13
14

2.  Jurisdiction of this Court arises pursuant to 15 U.S.C. § 1681(p), which states that such actions may be brought and heard before "any appropriate United States district court, without regard to the amount in controversy." The Court has jurisdiction over the state law claims pursuant to 15 U.S.C. § 1367.

15
16

3.  Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) as the events described in this complaint took place within this district.

17
18

# PARTIES

19
20
21

4.  Plaintiff WINSTON WILLIAMS is a natural person who resides in the City of Hanford, Kings County, California. Plaintiff is a "consumer" as defined by the FCRA, 15 U.S.C. § 1681(a) and CAL. CIV. CODE § 1785.3(b).

22
23
24
25
26
27
28

5.  Defendant, Wells Fargo Bank, N.A. (hereinafter "Wells Fargo"), is a national banking association, headquartered in the State of South Dakota. Wells Fargo can be served at its agent, Corporation Service Company, whose mailing address is 2710 Gateway Oaks Dr., Suite 150N, Sacramento, CA 95833. Wells Fargo is a business entity registered to do business in California (Entity Number C2649647).   Defendant Wells Fargo is an entity which engaged in the

1    practice of furnishing consumer information to consumer reporting agencies,
2    and is therefore a "furnisher of information" as contemplated by 15 U.S.C. §
3    1681s-2(a) & (b), and other sections of the FCRA.  Further, Defendant Wells
4    Fargo is a "person" as defined by FCRA 15 U.S.C. § 1681a(b) and CAL. CIV.
5    CODE § 1785.3(j).

6.   Defendant, Experian Information Solutions, Inc. (hereinafter "Experian"), is a
     national corporation with its principal place of business located at 475 Anton
     Boulevard, Costa Mesa, California, 92626.  At all relevant times herein,
     Defendant Experian, was an entity which, for monetary fees, dues, or on a
     cooperative nonprofit basis, regularly engaged in whole or in part in the
     practice of assembling or evaluating consumer credit information or other
     consumer information for the purpose of furnishing consumer reports to third
     parties, and used some mean or facility of interstate commerce for the purpose
     of preparing or furnishing consumer reports, and is therefore a "consumer
     reporting agency" as defined by 15 U.S.C. § 1681a(f) and CAL. CIV. CODE §
     1785.3(d).

7.   Defendant, Equifax Information Services, LLC (hereinafter "Equifax"), is a
     limited liability company with its principal place of business located at 1550
     Peachtree Street NW, Atlanta, Georgia, 30309.  At all relevant times herein,
     Defendant Equifax, was an entity which, for monetary fees, dues, or on a
     cooperative nonprofit basis, regularly engaged in whole or in part in the
     practice of assembling or evaluating consumer credit information or other
     consumer information for the purpose of furnishing consumer reports to third
     parties, and used some mean or facility of interstate commerce for the purpose
     of preparing or furnishing consumer reports, and is therefore a "consumer
     reporting agency" as defined by 15 U.S.C. § 1681a(f) and CAL. CIV. CODE §
     1785.3(d).

8. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

9. Plaintiff is informed and believes and on that basis alleges that Defendants are responsible for the acts, occurrences and transactions as officers, directors or managing agents of Defendants, or as their agents, servants, employees, and that each of them are legally liable to Plaintiff, as set forth below.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

10. In March of 2004, Plaintiff obtained a home mortgage loan through Defendant Wells Fargo, account number ending in 1039 (the "Account"), jointly with Guadalupe Williams.

11. Due to financial hardship resulting from divorce proceedings, Plaintiff filed Chapter 13 bankruptcy in March of 2010 in the Eastern District of California (Case #: 10-12794-A-13F).

12. Plaintiff received a discharge of his Chapter 13 bankruptcy in or around March of 2015, and the bankruptcy case was terminated on or about July 26, 2015.

13. During his Chapter 13 bankruptcy, Plaintiff, through his Chapter 13 trustee, timely paid mortgage arrearages and ongoing mortgage payments.

14. On March 17, 2015, Plaintiff pulled his credit reports and found that Equifax and Experian were reporting past due amounts on his Account in the amount of $2,123.00.

15. On March 27, 2015, Wells Fargo signed a Response to Notice of Final Cure Payment acknowledging that Plaintiff's mortgage arrearages had been cured and that he was current on his Account.

16. Plaintiff through his trustee paid the arrearages ($20,630.49) and ongoing mortgage payments ($126,814.68) in full to the extent of the allowed claims.

17. In September 2015, Plaintiff discovered that his Account was reporting inaccurately on his credit reports.

18. On or about September 4, 2015, Plaintiff sent a letter to Defendant Experian disputing the inaccurate reporting. Plaintiff provided Experian with documents evidencing the discharge from, and payment history during, bankruptcy.

19. On or about September 4, 2015, Plaintiff sent a letter to Defendant Equifax disputing the inaccurate reporting. Plaintiff provided Equifax with documents evidencing the discharge from, and payment history during, bankruptcy.

20. Equifax responded to Plaintiff's dispute by removing the past due balance it was previously reporting.

21. On or about September 25, 2015, Plaintiff disputed the inaccurate reporting with Defendant Experian for a second time.

22. Each time Plaintiff sent a dispute letter to Experian or Equifax, Plaintiff sent a copy of each dispute letter to Defendant Wells Fargo.

23. On September 15, 2015, Defendant Wells Fargo responded to Plaintiff's disputes and indicated that they would not update his credit report to reflect his loan was paid on time during the bankruptcy.

24. On October 14, 2015, Experian responded to Plaintiff's second dispute. In this response, Experian reported the account as "open" and did not indicate that the Account had been included in or discharged from bankruptcy. Experian also reported a history of late payments during Plaintiff's bankruptcy.

25. On October 21, 2015, Plaintiff's mortgage loan application with Flagstar Bank was denied.

26. It was explained to Plaintiff that the reason for the denial was due to Plaintiff being late on his mortgage in June of 2015.

27. Plaintiff had timely made all mortgage payments from at least the date of the filing of his Chapter 13 bankruptcy. [*See Exhibit A*; Bankruptcy Payment History].

28. Plaintiff had timely made all plan payments towards the bankruptcy arrearages for the entirety of the 60-month plan which was completed in March of 2015.

29. On October 23, 2015, Plaintiff received another letter from Wells Fargo stating that the information it was furnishing on the Account was accurate. Wells Fargo also stated that it would report that Plaintiff still disputed the reporting.

30. On November 2, 2015, Plaintiff was again denied a mortgage loan by Flagstar Bank.

31. Wells Fargo continued to update Plaintiff's credit report each and every month of Plaintiff's bankruptcy showing that Plaintiff was late on his mortgage every month of the plan.

32. Wells Fargo knew that by reporting Plaintiff as being late each and every month that Plaintiff would be unable to obtain a new mortgage when he completed his bankruptcy.

33. Wells Fargo intended to mislead other lenders into believing that Plaintiff was "currently" late as recent as June of 2015 to prevent Plaintiff from refinancing his home.

34. Defendants know that providing misleading information to a consumer credit report is deemed inaccurate under the Fair Credit Reporting Act.

35. Despite Plaintiff's exhaustive efforts to date to remove the erroneous information, Defendants have nonetheless repeatedly, deliberately, willfully, intentionally, recklessly, and negligently failed to perform reasonable investigations of the above disputes as required by the FCRA, have failed to remove the inaccurate information, have failed to include accurate information,

have failed to report on the results of the reinvestigations and have continued to report the derogatory information about Plaintiff.

36. As a result of Defendants' conduct, Plaintiff has suffered actual damages and serious financial and pecuniary harm arising from monetary losses related to credit denials, loss of use of funds, loss of credit and loan opportunities, excessive and/or elevated interest rate and finance charges, out-of-pocket expenses including, but not limited to, local or long distance telephone charges, postage, faxing and other related costs, all of which will continue into the future to Plaintiff's great detriment and loss.

37. As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from the injury to credit rating and reputation, and Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

38. As a result of Defendants' conduct, Plaintiff has suffered a decreased credit score as a result of the negative entry appearing on Plaintiff's credit file, preventing him from being able to obtain credit.

39. As a result of Defendants' conduct, Plaintiff has suffered great physical, emotional and mental pain and anguish, and Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

## COUNT I – FIRST CLAIM FOR RELIEF
### DEFENDANT WELLS FARGO VIOLATED
### FAIR CREDIT REPORTING ACT, (FCRA), 15 U.S.C. § 1681 *et seq.*

40. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

41. The FCRA requires a furnisher such as Wells Fargo, after receiving notice from a credit reporting agency that a consumer disputes information that is being reported by that furnisher, to conduct an investigation with respect to the disputed information, to review all relevant information, to report the results of the investigation to the credit reporting agency, and, if the investigation reveals that the information is incomplete or inaccurate, to report those results to all other credit reporting agencies to which the furnisher has provided the inaccurate information.

42. Within the last two years, Defendant Wells Fargo provided inaccurate information to the credit reporting agencies.

43. Within the past two years, Plaintiff notified Experian and Equifax that Plaintiff's reports concerning his Wells Fargo Account were inaccurate. Thereafter, the credit reporting agencies notified Wells Fargo that Plaintiff was disputing the information it had furnished to the credit reporting agencies.

44. Defendant Wells Fargo violated 15 U.S.C. §§ 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. §1681s-2(b);

   a. willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

   b. willfully and negligently failing to review all relevant information concerning Plaintiff's account provided to Toyota;

   c. willfully and negligently failing to report the results of investigations to the relevant consumer reporting agencies;

   d. willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

   e. willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all

credit reporting agencies concerning the inaccurate information disputed by Plaintiff;

    f.   willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies;

    g.   willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning Plaintiff's account to credit reporting agencies; and

    h.   willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b).

45.  Defendant Wells Fargo, by and through its agents and employees, violated the provisions of the Fair Credit Reporting Act by furnishing information on the Plaintiff to one or more consumer reporting agency although Defendant knew, or consciously avoided knowing, that the information was misleading and inaccurate.

46.  Wells Fargo's conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendant Wells Fargo is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as other such relief, permitted by 15 U.S.C. § 1681n.

//
//
//
//

## COUNT II – SECOND CLAIM FOR RELIEF
### DEFENDANT WELLS FARGO VIOLATED
### THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT,
### (CCCRA), California Civil Code §§1785.25(a)

47. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

48. California Civil Code § 1785.25 (a) states that a "person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."

49. California Civil Code § 1785.25 (b) states that a furnisher that determines a report to a credit reporting agency is not accurate or complete shall promptly notify the consumer reporting agency of that determination and provide corrections to the consumer reporting agency that is necessary to make the information complete and accurate.

50. California Civil Code § 1785.25 (c) provides that if the completeness or accuracy of any information on a specific transaction or experience provided to a consumer reporting agency is disputed by the consumer, the furnisher may not continue reporting the information unless it provides a notice to the consumer reporting agency that the information is disputed by the consumer.

51. Defendant Wells Fargo negligently and willfully furnished information to the credit reporting agencies it knew or should have known was inaccurate.

52. Based on these violations of Civil Code § 1785.25 (a), Plaintiff is entitled to the remedies afforded by Civil Code § 1785.31, including actual damages, attorney's fees, pain and suffering, injunctive relief, and punitive damages in an amount not less than $100 nor more than $5,000, for each violation as the Court deems proper.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## COUNT III – THIRD CLAIM FOR RELIEF
### DEFENDANTS EQUIFAX AND EXPERIAN VIOLATED THE FAIR CREDIT REPORTING ACT, (FCRA), 15 U.S.C. § 1681 *et seq.*

53.   Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

54.   The Fair Credit Reporting Act provides that if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consume notifies the agency directly of such dispute, the agency shall conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate, or delete the item from the file within 30 days of receiving the consumer's dispute notice. 15 U.S.C. § 1681i(a)(l)(A).

55.   The Act further requires the credit reporting agency, within 5 business days of receiving notice of the consumer's dispute, to provide notification of the dispute to the person who furnished the information in dispute and requires the credit reporting agency to "include all relevant information regarding the dispute that the agency received from the consumer." 15 U.S.C. § 1681i(a)(2) (A). In conducting its reinvestigation of disputed information in a consumer report, the credit reporting agency is required to "review and consider all relevant information submitted by the consumer."

56.   Within the two years preceding the filing of this complaint, Plaintiff notified Defendants Equifax and Experian of an inaccuracy contained in its reports and asked them to correct the inaccuracy.

57.   Defendants Equifax and Experian failed to conduct a reasonable reinvestigation of the inaccuracies that Plaintiff disputed.

58.   Defendants Equifax and Experian failed to review and consider all relevant information submitted by Plaintiff.

59. The defendant credit reporting agencies failed to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports, information and file, in violation of 15 U.S.C. § 1681e(b).

60. As a result of the above-described violations of 15 U.S.C. § §1681i and 1681e(b), Plaintiff has sustained damages.

61. Defendants Equifax and Experian's violations of the FCRA were willful and therefore Plaintiff is therefore entitled to also seek statutory and punitive damages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendants for the following:

    A. Actual damages;

    B. Statutory damages;

    C. Punitive damages;

    D. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o; and

    E. Such other and further relief as the Court deems proper.

//
//
//
//
//
//
//
//
//

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, WINSTON WILLIAMS, demands trial by jury in this action.

RESPECTFULLY SUBMITTED,
**PRICE LAW GROUP, APC**

/S/STUART PRICE

Dated: <u>April 14, 2016</u>

Stuart M. Price (SBN 150439)
Stuart@pricelawgroup.com
**PRICE LAW GROUP, APC**
15760 Ventura Blvd., Suite 800
Encino, CA 91436
T: (818) 907-2030
F: (818) 205-2730
Attorneys for Plaintiff,
WINSTON WILLIAMS